IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00306-BNB

LAWRENCE M. JIRON,

      Applicant,

v.

SHERIFF JAMES BEICHER, et al.,

      Respondents.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING
_____

      Applicant, Lawrence M. Jiron, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Jiron has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 17). The court must construe the application liberally because Mr. Jiron is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jiron will be ordered to file an amended application if he wishes to pursue his claims in this action.

      Mr. Jiron's claims in the application are not clear. It appears that Mr. Jiron intends to challenge the validity of his conviction and sentence in case number 11CR18 in the Fremont County District Court. As a result, Mr. Jiron's claims properly are asserted pursuant to 28 U.S.C. § 2254 and not 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). However, regardless of the statutory

authority for his claims, Mr. Jiron must provide a clear statement of those claims in order for the court and Respondents to address those claims in this action.  Therefore, Mr. Jiron will be ordered to file an amended application.

Mr. Jiron is advised that he must name appropriate Respondents in the amended pleading he will be directed to file.  The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Because Mr. Jiron currently is incarcerated at the Sterling Correctional Facility, he should name the warden of that facility as a Respondent.

More importantly, Mr. Jiron must clarify the federal constitutional claims that he seeks to assert in this action.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Jiron must identify the specific federal constitutional claims he is asserting and he must provide specific factual allegations in support of each asserted claim.  Mr. Jiron is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

2

Finally, the court notes that Mr. Jiron has filed three documents, which have been docketed as motions, that include claims and arguments that are repetitive of the claims he apparently intends to pursue in this action.  (*See* ECF Nos. 4, 6, & 7.)  The motions will be denied without prejudice, and Mr. Jiron must include within the amended application all of the claims he wishes to pursue in this action.  Applicant's motion for a copy of the papers he has filed in this action (ECF No. 16) will be denied.  Applicant may obtain copies of documents filed with the court by contacting the clerk of the court and paying any necessary fees.  Applicant is advised to retain copies of any document he submits to the court for filing.  Accordingly, it is

ORDERED that Mr. Jiron file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Jiron shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Jiron fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that Applicant's motions (ECF Nos. 4, 6, & 7) raising substantive claims are DENIED without prejudice.  It is

FURTHER ORDERED that Applicant's motion for a copy of the papers he has filed in this action (ECF No. 16) is DENIED.

DATED April 22, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge