IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00306-BNB

LAWRENCE M. JIRON,

    Applicant,

v.

WARDEN JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Lawrence M. Jiron, initiated this action by filing *pro se* a letter to the Court (ECF No. 1) in which he appeared to be seeking habeas corpus relief. On April 17, 2013, Mr. Jiron filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 17). On April 22, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Jiron to file an amended application that clarifies the claims he is asserting in this action. Because it appeared that Mr. Jiron intended to challenge the validity of a state court criminal conviction, Magistrate Judge Boland advised him that his claims properly are asserted pursuant to 28 U.S.C. § 2254. On May 21, 2013, Mr. Jiron filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 22). Mr. Jiron is challenging the validity of his conviction and sentence in Fremont County District Court case number 11CR18. Mr. Jiron also has filed a document titled "'Order' of Release" (ECF No. 41), which was docketed as a motion, reiterating his arguments that he should be released.

On May 23, 2013, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On July 11, 2013, Respondents filed a Pre-Answer Response (ECF No. 39).  On July 23, 2013, Mr. Jiron filed a document titled "Attorney General Response is Un-Acceptable" (ECF No. 42) as a reply to the Pre-Answer Response.

The Court must construe the documents filed by Mr. Jiron liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Jiron was convicted by a jury of attempt to influence a public servant and retaliation against a judge.  (*See* ECF No. 39-1 at 2-3.)  On January 14, 2013, Mr. Jiron was sentenced to concurrent terms of twelve years in prison on each count.  (*See id.* at 3.)  On February 12, 2013, Mr. Jiron filed a notice of appeal to the Colorado Court of Appeals.  (*See* ECF No. 39-2.)  On June 7, 2013, the Colorado Court of Appeals issued a Notice of Filing of Record on Appeal and Briefing Schedule (ECF No. 39-3) that indicates Mr. Jiron's opening brief is due August 6, 2013.

Mr. Jiron contends in the habeas corpus application pursuant to § 2254 filed in this Court that his conviction is unconstitutional and has resulted in his false imprisonment.  He specifically contends that the statutes he was convicted of violating are unconstitutional because they are published in the Colorado Revised Statutes

without an enacting clause and that the trial court is a private entity that lacked jurisdiction. Mr. Jiron also argues in the application that the Attorney General of the State of Colorado is not a proper Respondent and may not represent Warden Falk in this habeas corpus action. The Court is not persuaded that the Attorney General of the State of Colorado should not be permitted to appear in this action on behalf of Warden Falk. Therefore, the Court will consider the affirmative defense raised by Respondents in the Pre-Answer Response.

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). However, Respondents do raise the affirmative defense of exhaustion of state court remedies. More specifically, Respondents contend that Mr. Jiron has failed to exhaust state remedies because his direct appeal remains pending in the Colorado Court of Appeals.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees with Respondents that Mr. Jiron has failed to exhaust state remedies.  First, Mr. Jiron does not dispute the fact that his direct appeal from the judgment of conviction is pending in the Colorado Court of Appeals.  Second, Mr. Jiron's vague and conclusory assertions that no adequate remedy is available in any state court and that it does no good to appeal is not sufficient to demonstrate the absence of an adequate and effective state remedy.  Therefore, the Court finds that Mr. Jiron fails to demonstrate he has exhausted state remedies for any of his federal constitutional claims.  As a result, the action must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369

U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 17) and the amended application (ECF No. 22) are denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the document titled "'Order' of Release" (ECF No. 41) is denied as moot.

DATED at Denver, Colorado, this  6th  day of   August  , 2013.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court